## DIXON *vs.* DIXON.

A conveyance made by a husband to a trustee for the use of his wife, on the execution of articles of separation between them, will not be set aside on account of the subsequent adultery of the wife while living separate from him.

On rule to show cause why an injunction should not issue.

*Mr. Ransom,* for complainant.

*Mr. Dixon,* for defendants.

THE CHANCELLOR.

The bill filed is to set aside a conveyance made to J. Dixon, Jr., as trustee for Annie Dixon, the complainant's wife.   The conveyance was of the undivided half of a house and lot, and was given in settlement of a suit in this court by Mrs. Dixon against her husband, for maintenance.   The reason urged for setting aside this conveyance is, that she had been, before that conveyance, guilty of adultery, and that this was concealed from her husband; and that she since has been

living in adultery in the state of New York, in which state he since obtained a divorce from her on that ground. The deed was made and dated on the 3d day of August, 1869. The complainant filed a bill to set aside that deed on grounds entirely different, which, on the hearing, was dismissed. This bill purports to be a bill of review, and if not properly filed as a bill of review, it can be maintained as an original bill on the grounds alleged, which did not and could not come in controversy on the first suit.

After the decree in that suit the trustee filed a bill for partition, and in the partition suit the property not being divisible, was ordered to be sold. Under that order it was advertised for sale, and the injunction now applied for is to restrain that sale until the determination of this suit.

The allegations of the bill as to adultery before the settlement and conveyance, are not sustained by the affidavits annexed to it, or in any other way. And the defendant, Annie Dixon, produced on the argument her own affidavit and that of the co-adulterer, denying most positively any adultery before the date of these conveyances; these may be taken as an implied admission of it after that time. But a deed or settlement of this kind, if good at its execution and delivery, will not be set aside for adultery or any misconduct of the wife afterwards. *Sidney* v. *Sidney*, 3 *P. W.* 269; *Jee* v. *Thurlow*, 2 *B. & C.* 547; *Field* v. *Serres*, 4 *B. & P.* 121; *Baynom* v. *Batley*, 8 *Bing.* 255; *Babcock* v. *Smith*, 22 *Pick.* 61; *Seagrave* v. *Seagrave*, 13 *Ves.* 439; *Forrest* v. *Forrest*, 9 *Abb. Pr. Rep.* 289.

It is not necessary to determine whether acts of adultery prior to the settlement, would be good reason to set it aside; none such are in any way proved, or attempted to be proved. And an injunction is not granted upon the mere allegation in the bill of the facts necessary to sustain it; there must be satisfactory proof.

The rule to show cause must be discharged, with costs.